UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KIMBERLY A. BALL,

          Plaintiff,

          Case No. 25-cv-1700-bhl

  v.

FRANK BISIGNANO, Commissioner
of the Social Security Administration,

          Defendant.

## ORDER DENYING MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

      On November 3, 2025, Plaintiff Kimberly A. Ball filed a complaint seeking review of a decision of the Commissioner for Social Security. (ECF No. 1.) That same day, she also filed a motion for leave to proceed without prepaying the filing fee or *in forma pauperis* (IFP) utilizing the Court's local form. (ECF No. 2.) The Court has authority to allow a litigant to proceed IFP if it determines that (1) the litigant is unable to pay the costs of commencing the action and (2) the action is not frivolous, does not fail to state a claim, and is not brought against an immune defendant. *Cf.* 28 U.S.C. §1915(a)(1), (e)(2).

      In her motion, Ball states that she has no monthly income, however, her spouse is employed and has a monthly income of $3,500 after taxes. (ECF No. 2 at 2.) Ball states her total monthly expenses are $3,456.00 including $400.00 in expenses to "travel to see family/grandkid gifts." (*Id.* at 3.) Ball owns a mobile home valued at $40,000 and two vehicles valued at $8,000 and $16,000. (*Id.*) Ball also has a cash or checking, savings or other similar account valued at $2,000.00 and a 401K valued at $1,200. (*Id.* at 3–4.)

      While a plaintiff need not show that she is totally destitute to establish indigence, *Zaun v. Dobbin*, 628 F.2d 990, 993 (7th Cir. 1980), the Court's authority to grant IFP motions "is reserved to the many truly impoverished litigants who . . . would remain without legal remedy if such privilege were not afforded to them," *Brewster v. North American Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Ball's monthly income puts her outside the "truly impoverished" litigants for

whom IFP status is intended. Given Ball's monthly income and available resources, the Court concludes that Ball is financially capable of paying the filing fee of $405.00.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Ball's motion for leave to proceed without prepaying the filing fee, ECF No. 2, is **DENIED**. Ball must submit the filing fee within 21 days of the date of this Order. Failure to comply may result in the Court's dismissal of this case without further notice.

Dated at Milwaukee, Wisconsin on November 5, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge